UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAURA BURCH-MINIKAN,                    :
    Plaintiff,                          :
                                              :
v.                                      :        3:11-cv-01637-WWE
                                               :
NEW ENGLAND HEALTH CARE                 :
EMPLOYEES WELFARE FUND and              :
NEW ENGLAND HEALTH CARE                 :
EMPLOYEES PENSION FUND,                  :
    Defendants.                         :

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff has moved for reconsideration of this Court's order [Doc. #39], which required plaintiff's counsel to pay defendants' reasonable expenses incurred in making a motion to compel discovery [Doc. #31]. For the following reasons, plaintiff's motion for reconsideration will be granted, but the Court will adhere to its previous decision.

## BACKGROUND

Defendants served plaintiff with their First Set of Interrogatories and Requests for Production on March 8, 2012, to which plaintiff has failed to provide full responses. On April 3, 2013, the Court granted defendants' motion to compel and awarded defendants reasonable expenses of $973.50 pursuant to Rule 37.

Plaintiff's counsel now asks the Court to vacate its decision because his failure to either respond to defendants' requests or move for extension of time was inadvertent.

Plaintiff's counsel argues that "[b]ut for the oversight of the undersigned due to his trial and appellate commitments, this honorable court would have had before it either a subsequent motion for additional time, or a substantive response as set forth herein."

## DISCUSSION

Federal Rule of Civil Procedure 37(a)(5)(A) governs payment of expenses regarding

motions to compel disclosure.  It provides:

> If the motion is granted--or if the disclosure or requested discovery is provided after
> the motion was filed--the court must, after giving an opportunity to be heard, require
> the party or deponent whose conduct necessitated the motion, the party or attorney
> advising that conduct, or both to pay the movant's reasonable expenses incurred in
> making the motion, including attorney's fees. But the court must not order this
> payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the
> disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially
> justified; or
> (iii) other circumstances make an award of expenses unjust.

Here, it has been over a year since defendants served plaintiff with their First Set of

Interrogatories and Requests for Production on March 8, 2012.  Defendants' motion to compel

was granted, and plaintiff's nondisclosure was not substantially justified.

Plaintiff's attorney should pay expenses necessitated by his inattention regardless of his

"myriad of other state, federal and administrative matters."  Indeed, it would be unjust to burden

defendants with additional expenses due to opposing counsel's busy schedule.  Therefore,

although plaintiff's motion for reconsideration [Doc. #40] is GRANTED, the Court adheres to its

previous decision.

Dated this 18th day of April, 2013, at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE